

# Fourth Court of Appeals
## San Antonio, Texas

November 23, 2021

No. 04-20-00129-CV

Guangcun **HUANG**,
Appellant

v.

Linman **CHANG**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-12481
Honorable Peter Sakai, Judge Presiding

# O R D E R

Siting:  Patricia O. Alvarez, Justice
     Beth Watkins, Justice
     Lori I. Valenzuela, Justice

On October 30, 2021, appellant filed a "First Amended Emergency Motion for Sanctioning and Immediate Recusal of Each and for All Three Justices on the Panel in this Case." By order issued November 2, 2021, the en banc court denied appellant's motion to recuse the panel. The remaining, unresolved portion of appellant's motion sought sanctions against appellee because her motion to enter—and request for a hearing on that motion—was premature since the court of appeals had not yet issued a mandate in this case.

On November 2, 2021, we ordered appellee to respond to appellant's request for sanctions. Appellee filed her response on November 12, 2021. In her response, appellee "request[ed] that this Court allow the Motion to Enter be set for hearing." She also requested an award of attorney's fees. On November 12, 2021, appellant replied to appellee's response, and his reply also requested an award of attorney's fees.

After consideration, we find that appellee's motion to enter was premature. We have not yet issued our mandate in this case. *See* TEX. R. APP. P. 18. Our plenary power over this case deprives the trial court from taking any

action in this case until our plenary power expires. *See* TEX. R. APP. P. 19; *Saudi v. Brieven*, 176 S.W.3d 108, 114 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("Generally speaking, and with certain exceptions inapplicable here, once an appeal has been perfected and the trial court's plenary power to perform certain acts after appeal has expired, the appellate court acquires exclusive plenary jurisdiction over the cause.").

Therefore, appellee's request to permit further proceedings in the trial court is **DENIED**.

While appellee's filings below were premature, we conclude appellee did not undertake them in bad faith or for an improper purpose. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. § 10.004. Therefore, appellant's request for sanctions is **DENIED**.

Finally, both parties' requests for attorney's fees are **DENIED**.

It is so **ORDERED** November 23, 2021.

**PER CURIAM**

ATTESTED TO:_____
MICHAEL A. CRUZ,
CLERK OF COURT